# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PATRICIA A. McLEOD,        )
                                   )
      Plaintiff,           )
                                   )
v.                            )       C.A. No. S19C-12-003 RFS
                                 )
THE DOCTORS COMPANY,    )
                                 )
      Defendant.      )

## ORDER

On this 13th day of April, 2020, the Court having considered Defendant The Doctors Company's Motion to Reassign to Complex Commercial Litigation Division and Plaintiff's Response thereto, the Court finds:

1. This bad faith insurance/breach of contract matter arises out of a $3.45 million verdict in a medical negligence case.[1]

2. Plaintiff claims that the physician's professional liability insurer acted in bad faith when it did not settle the medical negligence claim in the physician's policy limits, resulting in an excess verdict against the insured physician.[2]

3. In its Motion, Defendant asks the Court to reassign this case to the Complex Commercial Litigation Division ("CCLD"), asserting the case qualifies for

---

[1] Compl. ¶ 49.
[2] Mot. ¶ 2.

reassignment because the amount in controversy exceeds $1 million and does not fall under any of the excluded criteria.[3]

4.     In opposition, Plaintiff argues that although the amount in controversy is substantial, the nature of the dispute – an insurer's duty of good faith and fair dealing – is not genuinely complex to warrant reassignment to CCLD.[4]  In addition, Plaintiff argues that reassignment of the case, which would result in a change of venue from Sussex County to New Castle County, would impose undue hardship and expense on Plaintiff.[5]  Plaintiff, who suffers from Complex Regional Pain Syndrome, resides in Salisbury, Maryland, which is significantly closer in distance to the Sussex County Superior Court than the New Castle County Superior Court located in Wilmington, Delaware.[6]

5.     The Court finds that, although the case exceeds the amount in controversy requirement for qualification of reassignment, the underlying facts and the nature of the dispute do not require the CCLD's resources and attention for adjudication on the merits.  In addition, the Court finds that reassignment of the case would cause undue hardship to Plaintiff.

---

[3] *Id.* ¶ 3.
[4] Pl. Resp. ¶ 4.
[5] *Id.* ¶¶ 6-7.
[6] *Id.* ¶ 7.  If the case is reassigned, Plaintiff states that traveling to Wilmington for each case-related visit would require four hours of travel round-trip.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant The Doctors Company's Motion is **DENIED.**

**IT IS SO ORDERED.**

*Jan R. Jurden*

**Jan R. Jurden, President Judge**

3